**STATE, ex rel. FAIRCLOTH, Attorney General v. HOLLIS, Grand Master of Masons, et al.**
No. 11494.

Circuit Court, Leon County.

July 20, 1966.

Earl Faircloth, Attorney General, and W. E. Bishop, Jr., Assistant Attorney General, for plaintiff.

J. Lewis Hall, Tallahassee, John T. Rose, Jr., Punta Gorda, Evans Crary, Jr., Stuart, and Matthew M. Slepin, Miami, for defendants.

W. MAY WALKER, Circuit Judge.

This cause coming on for final hearing and trial, and it appearing to the court that there are no issues of fact in this cause and that the only issues to be determined by the court are issues of law, and counsel for the parties having stipulated in open court that the cause is ready for final disposition by the court without testimony or other evidence by the parties, and the court being fully advised in the premises, it is ordered and adjudged —

(1) The court finds as relevant and material facts the following —

(a)  That the plaintiff, Earl Faircloth, as attorney general of the state of Florida is fully authorized under law to bring and prosecute this cause in the name of and for and in behalf of the state of Florida, and was and is fully justified in the bringing and prosecution thereof by reason of the public interest therein.

(b)  That this court has jurisdiction of the parties and of the subject matter of this cause.

(c)  That section 25 of article III of the constitution of the state of Florida as the same became effective January 1, 1887 provided —

> Section 25. The legislature shall provide by general law for incorporating such educational, agricultural, mechanical, mining and other useful companies or associations as may be deemed necessary.

Thereafter by joint resolution no. 2, Acts of 1899, the legislature proposed and at the general election in 1900 the people of Florida adopted amended section 25 of article III of the constitution as follows —

> Section 25. The legislature shall provide by general law for incorporating such educational, agricultural, mechanical, mining, and other useful companies or associations as may be deemed necessary; but it shall not pass any special law on any such subject and any such special law shall be of no effect; Provided, however, that nothing herein shall preclude special legislation as to a university or the public schools, or as to a ship canal across the state.

(d)  That chapter 26, Laws of Florida, Acts of 1843, provides as follows —

> *An act to incorporate the Grand Lodge of Florida.* Be it enacted by the Governor and Legislative Council of the Territory of Florida, That the Grand Master, the Deputy Grand Master, and the Grand Wardens of the Grand Lodge of Florida for the time being, and their successors in office, be, and they are hereby, declared to be a Body politic and corporate, by the name and style of the Grand Lodge of Florida, and as such shall be capable and liable in law, to sue and be sued, plead and be impleaded, and shall be capable of purchasing or accepting, and being invested with a title in real estate, of a lot or piece of parcel of land in the city of Tallahassee, on which to build or erect a Masonic Hall, or such other buildings and improvements as may be deemed needful, useful, and necessary, for the said Grand Lodge of Florida, and to sell and dispose of the same, or any part or parcel thereof, and make deed or deeds of conveyance for the same, and to purchase another lot or piece or parcel of land, if need be for the purpose of building and erecting a Grand Masonic Hall, for the use and property of the said Grand Lodge of Florida, and to do and perform all manner of things to and with the said lot, and piece or parcel of land and premises, that a natural person might of right do and perform.
>
> Approved 14th March, 1843.

(e) That chapter 4281, Laws of Florida, Acts of 1893, is entitled —

*"An act to incorporate the Most Worshipful Grand Lodge of Free and Accepted Masons of Florida and all subordinate or particular Lodges Masonically chartered thereby,"*

and said act provides that the grand master, the deputy grand master, and the grand wardens of the most worshipful grand lodge of free and accepted masons of the state of Florida, and their successors in office are declared to be a body politic and corporate by the name and style of "The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida." Said act further provides that such body corporate and politic shall be capable and liable in law to sue and be sued, to contract and be contracted with, to plead and be impleaded, and to acquire, own, hold, possess and convey property either real, personal or mixed, either by purchase, gift or devise; and to issue and grant masonic charters according to its own constitution, by-laws, rules and regulations to such subordinate, particular or individual lodges of free and accepted masons at such places in the state of Florida as it may see fit, and with full power according to its own constitution, rules, by-laws and regulations, at any time to recall, abrogate, revoke or annul for misuser or nonuser any such masonic charter that it may have issued or granted to any such subordinate, particular or individual lodge, or which it may hereafter issue or grant to any such particular, individual or subordinate lodges, and have perpetual succession.

Said act further provides that the worshipful master and junior and senior wardens, and their successors in office of any and all particular, individual or subordinate lodges of free and accepted masons that have heretofore, or which may hereafter be organized and masonically chartered in the state of Florida by said grand lodge, according to the constitution, by-laws and rules of such grand lodge, are declared to be separate and independent bodies, politic and corporate, under such general corporate names and styles as may be assigned to them respectively by such grand lodge with the right of corporate succession, so long as the masonic charters granted to them by such grand lodge shall remain unrevoked by such grand lodge; and as such, by their several and respective corporate names, shall have the power to contract and be contracted with; to sue and be sued, plead and be impleaded, and to acquire, own, hold, possess, and convey property of all kinds, real, personal and mixed, so long as their masonic charters shall remain unrevoked by such grand lodge;

and to elect their said corporate officers at such times and places as their own rules, regulations and by-laws not in conflict with the rules and regulations properly laid down for them by such grand lodge, may provide.

Said act further provides that whenever the masonic charter of any particular, individual or subordinate lodge shall be re-called, abrogated, revoked or annulled by said grand lodge, such particular or individual lodge shall cease to have corporate exis-tence, except for the purpose of being sued for its legal obliga-tions; and upon such cessation of its corporate existence all of its property, real, personal and mixed, shall revert to and belong to the said grand lodge, subject to any debts that may have been contracted by such particular or individual lodge, but such grand lodge shall in no event be responsible or liable for any indebted-ness created by any particular individual or subordinate lodge.

Said act further provides that all charters of incorporation, whether by the general incorporation laws of this state, or by special acts of the legislature, heretofore granted or issued to any such particular, individual or subordinate lodges, are revoked, abrogated, annulled and repealed, and the provisions of this act shall stand in lieu thereof. Said act further specifically repeals chapter 26, Laws of Florida, Acts of 1843, above quoted.

Said act further provides that all laws, or parts of laws in conflict with the provisions of chapter 4281 are repealed and the act would take effect immediately upon its approval by the governor.

(f) That for a long period of time, to-wit, from the time of enactment to the present time, said grand lodge and the partic-ular, individual and subordinate lodges masonically chartered by it have exercised and enjoyed the rights, powers and privileges enumerated in chapter 4281 without objection or hindrance from or by the state of Florida or any officer, agency or subdivision thereof and that such grand lodge and the particular, individual, and subordinate lodges masonically chartered by it have exer-cised and enjoyed such rights, powers and privileges, openly and continuously during the period aforesaid and have been recog-nized as bodies public and corporate in numerous and countless transactions involving real and personal property and that such grand lodge and the particular, individual and subordinate lodges masonically chartered by it presently hold title to real and per-sonal property of the value of several millions of dollars in their

several and respective corporate names, and that thousands of citizens of this state have acquired real property in reliance upon the validity of section 4281 and the rights, powers and privileges of said grand lodge and the particular, individual and subordinate lodges enumerated therein.

(g) That neither the grand lodge nor any of the particular, individual, or subordinate lodges masonically chartered by it have used the rights, powers and privileges enumerated in chapter 4281 for any purpose except to carry on and conduct the affairs of masonry in the state of Florida as a fraternal and charitable institution.

(2) The plaintiff attorney general gives the court to understand and be informed and contends as follows —

(1) That The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida has never existed as a corporation under the laws of Florida, for that —

(a) Chapter 26, Laws of Florida, Acts of 1843, and chapter 4281, Laws of Florida, Acts of 1893, are insufficient and inadequate in law to constitute The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida a body politic and corporate.

(b) Chapter 4281 is invalid as an unlawful delegation of power by the legislature to a purely private organization to create bodies politic and corporate.

(c) That the granting and denial of corporate rights, powers and privileges by the legislature is an exercise of the police powers of the state of Florida in its capacity as a sovereign state acting under the constitution of such state, and upon adoption of amended section 25 of article III of the constitution in the year 1900, all rights, powers and privileges that had been or may have been granted to said grand lodge under chapter 26 and chapter 4281 aforesaid, were rescinded, repealed, annulled, revoked, abrogated and set at naught by said amendment.

(2) That Jackson Lodge No. 1, Free and Accepted Masons of Florida, nor any Lodge chartered by The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida ever existed by virtue of such charter as a body politic and corporate under the laws of Florida, for that —

(a) Chapter 26, Laws of Florida, Acts of 1843, and chapter 4281, Laws of Florida, Acts of 1893, are insufficient and inade-

quate in law to constitute The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida a body politic and corporate.

(b) Chapter 4281 is invalid as an unlawful delegation of power by the legislature to a purely private organization to create bodies politic and corporate.

(c) That the granting and denial of corporate rights, powers and privileges by the legislature is an exercise of the police powers of the state of Florida in its capacity as a sovereign state acting under the constitution of such state, and upon adoption of amended section 25 of article III of the constitution in the year 1900, all rights, powers and privileges that had been or may have been granted to said grand lodge under chapter 26 and chapter 4281 aforesaid, were rescinded, repealed, annulled, revoked, abrogated and set at naught by said amendment.

(d) The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida did not and does not have lawful authority or power to create or constitute said lodge a body politic and corporate under the laws of Florida.

(3) Miami Temple Lodge No. 247, Free and Accepted Masons of Florida, nor any other lodge chartered by The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida since the adoption of amended section 25 of Article III of the constitution of Florida, ever existed by virtue of such charter as a body politic and corporate under the laws of Florida, for that —

(a) Chapter 26, Laws of Florida, Acts of 1843, and chapter 4281, Laws of Florida, Acts of 1893, are insufficient and inadequate in law to constitute The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida a body politic and corporate.

(b) Chapter 4281 is invalid as an unlawful delegation of power by the legislature to a purely private organization to create bodies politic and corporate.

(c) That the granting and denial of corporate rights, powers and privileges by the legislature is an exercise of the police powers of the state of Florida in its capacity as a sovereign state acting under the constitution of such state, and upon adoption of amended section 25 of article III of the constitution in the year 1900, all rights, powers and privileges that had been or

may have been granted to said grand lodge under chapter 26 and chapter 4281 aforesaid, were rescinded, repealed, annulled, revoked, abrogated and set at naught by said amendment.

(d) The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida did not and does not have lawful authority or power to create or constitute said lodge a body politic and corporate under the laws of Florida.

(e) The adoption of amended section 25 of Article III of the Constitution of Florida in the year 1900, rescinded, recalled, repealed, annulled, revoked, abrogated and nullified any right or power that The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida had or may have had to create and constitute a lodge as a body politic and corporate by grant and issuance of a masonic charter to such lodge and the masonic charter granted and issued to Miami Temple Lodge No. 247, Free and Accepted Masons of Florida subsequent to the effective date of amended section 25 of Article III of the Constitution did not and does not constitute such lodge as a body politic and corporate.

(3) The court finds and concludes that the law and principles of law applicable to the facts and issues of this cause are as follows —

(a) An act of a state legislature granting a corporate charter and also granting specified rights, powers and privileges to the corporation is a contract between such state and the corporation.

(b) Section 10 of article I of the constitution of the United States of America provides —

"No state shall *** pass any *** law impairing the obligation of contracts."

(c) All contracts, private and public, are within the protection of section 10 of article I above quoted, subject, however, among others, to the limitation that any contract is subject to the exercise of the police powers of the state to legislate in the interest of the health, safety, morals and welfare of its citizens.

(d) The granting of relief by quo warranto, even when sought by the attorney general in the name of and for and in behalf of the people, is not a matter of absolute right but is subject to the sound exercise of judicial discretion and such relief may be denied

where the public interest does not require it or where granting the relief would result in confusion and disorder and possible injury to the public.

(4) The court having considered the facts in this cause as set forth in the pleadings and the law and principles of law applicable thereto, is of the opinion and concludes as follows —

(a) That chapter 4281, Laws of Florida, Acts of 1893, is a valid act of the Florida legislature and was in no wise violative of or repugnant to the constitution of the state of Florida at the time of its enactment.

(b) That said chapter 4281 was and is a valid and continuing contract between the State of Florida and The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida, a body politic and corporate and that such contract is within the protection afforded by section 10 of article I of the constitution of the United States of America.

(c) That amended section 25 of Article III of the constitution of the state of Florida was not intended to and did not in any wise impair the obligation of the aforesaid contract and that even if any impairment was intended by said amended section the same would be ineffective as violative of and repugnant to the provisions of section 10 of article I of the constitution of the United States aforementioned.

(d) That the Most Worshipful Grand Lodge of Free and Accepted Masons of Florida is lawfully vested with all the rights, privileges and powers granted to it by chapter 4281, including the right of a body politic and corporate by the name and style of "The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida" and as such has the right, power and privilege, and shall be capable and liable in law to sue and be sued, to contract and be contracted with, to plead and be impleaded, and to acquire, own, hold, possess, and convey property, either real, personal or mixed, either by purchase, gift or devise; and to issue and grant masonic charters according to its own constitution, by-laws, rules and regulations to such subordinate, particular or individual lodges of free and accepted masons at such places in the state of Florida as it may see fit, and with full power according to its own constitution, rules, by-laws and regulations, at any time to recall, abrogate, revoke or annul for misuser or nonuser any such masonic charter that it may have issued or granted to any such subordinate, particular or individual lodge,

or which it may hereafter issue or grant to any such particular, individual or subordinate lodges, and have perpetual succession, and have all other rights, powers and privileges enumerated and granted by chapter 4281.

(e) That Jackson Lodge No. 1, Free and Accepted Masons of Florida, and Miami Temple Lodge No. 247, Free and Accepted Masons of Florida, and all other particular, individual or particular lodges masonically chartered by The Most Worshipful Grand Lodge of Free and Accepted Masons of Florida, prior to and subsequent to the adoption of amended section 25 of article III of the constitution of the state of Florida, or which may hereafter be masonically chartered by said grand lodge are and shall be separate and independent bodies, politic and corporate, under such general corporate names and styles as may be assigned to them respectively in their masonic charters, granted to them by the grand lodge with right of corporate succession so long as the masonic charters granted to them by the grand lodge shall remain unrevoked by the grand lodge; and as such, by their several and respective corporate names, shall have the power to contract and be contracted with; to sue and be sued; plead and be impleaded, and to acquire, own, hold, possess, and convey property of all kinds, real, personal and mixed, so long as their masonic charters shall remain unrevoked by the grand lodge; and to elect their own corporate officers at such times and places as their own rules, regulations and by-laws not in conflict with the rules and regulations properly laid down for them by the grand lodge, may provide, and have all other rights, powers and privileges enumerated and granted to them by chapter 4281.

(f) That, although the public interest in the issues presented in this cause fully justify the bringing and prosecution thereof by the attorney general, any decree contrary to the provisions hereof would cause confusion and disorder, cast doubt upon the validity of title to thousands of parcels of real property in this state, and in other ways be contrary to the convenience and interest of large numbers of the people of this state.

(g) The court, in the exercise of its discretion, is of the opinion and therefore concludes that the relief sought should be and the same is hereby denied.